Selden Sanitary Corp., Respondent, v James Elstroth et al. Defendants, and Bruce Brodsky, Appellant.

Second Department, July 23, 1979

APPEARANCES OF COUNSEL

*Gloria M. Rosenblum* for appellant.

*Schechter, Schechter & Wishod (Eugene L. Wishod* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

■ In this action to recover for unpaid sewer bills, a member of the class of defendants certified by Special Term is appealing from so much of an order as certified the class and made appropriate provision therefor. The order should be reversed insofar as appealed from, on the law, the first five decretal paragraphs thereof should be deleted and the motion for permission to maintain this action as a class action should be denied. Further, the plaintiff should dispose of the funds now held in escrow pursuant to an order of this court dated March 14, 1979 in accordance with this opinion.

The only issue of law or fact that is common to all of the proposed defendants is whether the plaintiff is entitled to recover from its customers at the higher interim rate ordered by the Supreme Court, Suffolk County (GEILER, J.). The new interim rate took effect January 1, 1977 and was imposed pending the final determination of the action before Mr. Justice GEILER in which a permanent rate increase was sought. Because the county took over the plaintiff's facility, it appears that no final determination was ever made.

Except for this one common issue of law, i.e., the legality of the higher interim rate, the plaintiff's cause of action amounts to one for the collection of money due and owing from its customers. The claim against each of the approximately 1,000 potential class members involved is small, ranging from $36.79 to $775.45. A finding in plaintiff's favor on the one common question of law would not make out a prima facie case against any one of the defendants. Each of the other admittedly prosaic elements of the cause of action would still have to be proven as to each defendant. Moreover, individual defendants may well have defenses or counterclaims peculiar to themselves. For example, some members of the class may have paid their bills in full or in part.

Under these circumstances, it cannot be said that the common issues in this case predominate as required by CPLR 901 (subd a, par 2). It should be noted that plaintiff admits

that some of the money it seeks to recover in this action became due and owing before the court ordered interim rate went into effect. The connection between plaintiff's claims for that money and the proposed common question of law is tenuous at best.

There is little reason to believe that members of the representative class will adequately represent the individual interests of the unnamed class members whose defenses and counterclaims may depend on facts peculiar to their individual circumstances. Imposing money judgments on class members after a trial concerned almost exclusively with a single common issue of law would be unfair. The trial attorneys would face the formidable task of determining what potential defenses and counterclaims each of the approximately 1,000 customers, many unsophisticated homeowners, may have and of gathering evidence in support thereof. Converting this action into one in which the rights of the parties on the single common legal issue would be declared pursuant to CPLR 906 (subd 1) would effect no substantial judicial economy since actions would still have to be brought against each individual customer who persisted in his or its refusal to pay. In any event, it appears that plaintiff has brought separate actions against other private and commercial customers in which the legality of the interim rate may be litigated expeditiously.

Accordingly, there is no reason to believe that this matter can best be disposed of in a class action and the class should not have been certified (cf. *Rosenfeld v Robins Co.,* 63 AD2d 11, mot to dismiss app granted 46 NY2d 731).

■ However, the plaintiff is entitled to retain those payments made by its customers prior to the mailing of the notices of the class action. The letter sent by plaintiff to its customers after this action was commenced but before the notices were mailed merely informed prospective defendants that the plaintiff had commenced the action and intended to make an application to the court that it proceed as a class action. Each customer was free to pay or refuse to pay as it chose. However, the plaintiff is not entitled to use the courts as a collection agency and the notice of class action sent to each prospective class member bore the imprimatur of a Supreme Court Justice. The notice was, in effect, a judicially sanctioned dunning letter.

The customers who are not named as representative parties and who paid their bills after the notices of the class action

were mailed are entitled to apply for a refund. The plaintiff should give written notification to such customers that it will not maintain the class action against them and that they may apply for a refund within 90 days of mailing. The notification should be sent by certified mail, return receipt requested, and the plaintiff should bear the cost of mailing. The plaintiff should be free to tell its customers that it may still maintain an action in the District Court against any customer who requests a refund. The plaintiff should refund any payments made upon the timely request of any customer who paid his or its bill after the notices of class action were mailed.

HOPKINS, J. P., DAMIANI, SUOZZI and GULOTTA, JJ., concur.

Order of the Supreme Court, Suffolk County, entered January 8, 1979, reversed insofar as appealed from, on the law, with $50 costs and disbursements, the first five decretal paragraphs thereof are deleted, and the motion for permission to maintain the action as a class action is denied. Plaintiff is directed to dispose of the funds now held in escrow pursuant to an order of this court dated March 14, 1979 in accordance with the opinion herein.