## (December 14, 1981)

■ BRUCE BRODSKY et al., Appellants, v SELDEN SANITARY CORP. et al., Respondents. — In an action, *inter alia,* to recover damages, and for declaratory and injunctive relief, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Murphy, J.), dated January 7, 1981, which denied their motion for leave to maintain this action as a class action, and for other incidental relief. Order affirmed, without costs or disbursements. Plaintiff Arthur Shulman is granted leave to move at Special Term, if he be so advised, for permission to maintain this action as a class action on his own behalf and

on behalf of all former customers of Selden Sanitary Corporation who have paid their 1977-1978 bills in full and for a severance of that class action from the individual actions of other named plaintiffs. The named plaintiffs commenced this action on their own behalf and as representatives of all other former customers of Selden Sanitary Corporation (Selden), the former owner and operator of a sewage disposal system in the Town of Brookhaven. They seek a judgment declaring the illegality of certain sewer rates that Selden charged its customers for the period January 1, 1977, to January 16, 1978 (hereinafter referred to as the 1977-1978 rates). They also seek a judgment declaring the illegality of a resolution of the Town Board of Brookhaven, adopted December 18, 1979, which approved these rates.* Furthermore, they ask for a permanent injunction restraining Selden (1) from collecting on bills based on these rates, (2) from bringing any lawsuit for the nonpayment of said bills, and (3) from executing on any judgment Selden may have obtained in such a collection suit. Finally, plaintiffs seek refunds of any amounts paid by former Selden customers in remittance of bills based on the 1977-1978 rates, to the extent that these payments exceeded amounts payable under the former rates fixed on or about January 17, 1967. By notice of motion, dated August 29, 1980, plaintiffs moved for an order, pursuant to CPLR 902 and 904, (1) permitting this action to be maintained as a class action, (2) setting forth the method of notice to be used in notifying the members of the class, and (3) directing that Selden bear the cost of said notification. Special Term denied this motion, basing its decision, in part, on a *Per Curiam* opinion of this court in a related matter (*Selden Sanitary Corp. v Elstroth,* 69 AD2d 402). In that case Selden had sued its former customers for unpaid sewer bills and had obtained an order at Special Term certifying the defendants as a class. This court, in reversing the class certification order, found that the only issue of law or fact that was common to all of the proposed defendants was whether Selden was entitled to collect on bills based on the 1977-1978 rates. We held (p 403): "Except for this one common issue of law, i.e. the legality of the [1977-78 rates], the plaintiff's cause of action amounts to one for the collection of money due and owing from its customers. The claim against each of the approximately 1,000 potential class members involved is small, ranging from $36.79 to $775.45. A finding in plaintiff's favor on the one common question of law would not make out a prima facie case against any one of the defendants. Each of the other admittedly prosaic elements of the cause of action would still have to be proven as to each defendant. Moreover, individual defendants may well have defenses or counterclaims peculiar to themselves. For example, some members of the class may have paid their bills in full or in part. Under these circumstances, it cannot be said that the common issues in this case predominate as required by CPLR 901 (subd a, par 2)." Selden was thus left to commence separate collection actions in District Court, which, apparently, it has done in approximately 160 cases. On the application for class certification in this matter, therefore, Special Term observed "that extensive litigation has been commenced against the members of the proposed class." Consequently, it decided that "[t]his fact together with the decision of the Appellate Division relegating Selden to the District Court for collective purposes leads only to the conclusion that a determination in favor of a class action is neither superior to other available methods nor provides a fair and efficient adjudication of the instant controversy (CPLR 901 (5) and 902 (2) and (3))." Finally, Special Term decided that "where, as here, governmental operations are involved, class actions are unnecessary and inappropriate". We affirm. Initially, it must be

---

* Since Selden's sewage disposal operations were governed by the Transportation Corporations Law (see, § 2, subd 9), any rate increase had to be approved by the town board (see Transportation Corporations Law, § 121).

observed that plaintiffs have joined Selden, the Town of Brookhaven, and four members of the town board in their official capacity, as defendants in this action. The only relief sought against the town and the members of the town board is a judgment declaring the board's approval of the 1977-1978 sewer rates illegal, null and void. It would appear, therefore, that, as to those causes of action against the town and the members of the board, the general rule would apply that class actions in cases where governmental operations are involved are not necessary since comparable relief would adequately flow to others similarly situated under principles of *stare decisis*. (*Matter of Martin v Lavine,* 39 NY2d 72; *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747; *Suffolk Housing Servs. v Town of Brookhaven,* 69 AD2d 242, app dsmd 49 NY2d 799, 48 NY2d 652.) An exception to this rule, however, has been developed, viz., where the class action involving governmental operations seeks money damages and there is a large, readily definable class, with questions of law and fact virtually identical as to each member, the maintenance of a class action will be the superior method of adjudication. (*Ammon v Suffolk County,* 67 AD2d 959, 960.) It is true that in this case the action against the town and town board members is not for money damages. Nevertheless, due to the unique relationship of the town board and Selden under the Transportation Corporations Law, the money damages sought against Selden are based on rate increases approved by the town board. Therefore, these damages (i.e., refunds) result from a single series of transactions in which both Selden and the town board participated. Thus, practically speaking, even as to the town and the board members, the same can be said here as in *Ammon* (*supra,* p 960), i.e., "[V]ictory for the individual plaintiffs in the absence of class relief will only result in a plethora of actions being brought for identical relief, with the consequent delay and added expense associated with multiple actions (see *Beekman v City of New York,* 65 AD2d 317). Moreover, in view of the small sums which individual plaintiffs would be entitled to recover (according to the complaint, a maximum of $65 per year for a maximum of seven or eight years), it is plausible, if not probable, that many potential plaintiffs entitled to less than the maximum recovery will have to forego bringing suit, or will find the prospects of individual litigation economically unappealing. As to these plaintiffs, it can scarcely be argued that their rights 'will be adequately protected under the principles of *stare decisis*' (*Matter of Jones v Berman,* 37 NY 42, 57, *supra*)." Consequently, the general rule that a class action is inappropriate where governmental operations are involved does not appear to be applicable to this case. Notwithstanding the fact that the involvement of governmental operations would not prevent the maintenance of this suit as a class action, we are still not convinced that the named plaintiffs have met the prerequisites for class action certification as provided in CPLR 902 (subds 3, 4, 5). There are essentially four distinct groups within the proposed class: (1) Selden customers who have voluntarily paid their bills in full; (2) Selden customers who have not paid in full; (3) Selden customers who have not paid and are participants in pending litigation with Selden, and (4) Selden customers who have judgments against them for unpaid bills, some of whom paid on those judgments and some of whom have not. As to the last two groups who are litigants in pending actions or who have had judgments entered against them, there appear to be many distinct issues, e.g., *res judicata* and collateral estoppel, which are not typical to other members of the proposed class. Furthermore, it has not been shown that the representative parties would be able to litigate these other issues in a fair and efficient manner in a class action suit. As to that group that has not paid its bills and is not subject to pending litigation, this court in *Selden Sanitary Corp. v Elstroth*

(69 AD2d 402, *supra*) decided that this group could not be sued as a class. Therefore, if it were certified as part of the class of plaintiffs in this case, Selden, by reason of collateral estoppel, would be prohibited from counterclaiming for its uncollected money. Consequently, if Selden should be successful on the common issue of the legality of the 1977-1978 rates, it would still have to sue its individual customers in separate collection actions for the reasons enunciated in *Selden v Elstroth (supra)*. Therefore, it cannot be said that a class action has been shown to be superior to other available methods for the fair and efficient adjudication of the controversies concerning the unpaid bills of those persons in this group (CPLR 902, subd 5). Finally, as to that group that has voluntarily paid its bills in full under the 1977-1978 rates, class action would seem to be recommended. All members of this group are simply seeking a rebate. A determination of the common issue of the legality of the 1977-1978 rates, whether in favor of the plaintiffs or defendants, will finally determine these refund claims. However, two of the named plaintiffs in this case, Brodsky and Lunden, are not members of this group that has paid its bills in full, and, therefore, could not act in a representative capacity in a class action. Plaintiff Shulman, however, is a member of this group of paid customers and could act as a representative party in a class action. On this record, however, there is no request to have this group of fully paid customers certified as a separate class, with Shulman as the representative party, and to have this separate class action severed from the actions of the other named plaintiffs. Accordingly, we affirm Special Term's denial of the instant motion for permission to maintain this action as a class action, but grant plaintiff Shulman leave to move at Special Term, if he be so advised, for permission to maintain this action as a class action on his own behalf and on behalf of all former Selden customers who have paid their 1977-1978 bills in full, and for a severance of that class action from the individual actions of the other named plaintiffs. Damiani, J. P., Mangano and Weinstein, JJ., concur.

Lazer, J., dissents in part and concurs in part, with the following memorandum: The three plaintiffs in this action seek to sue on behalf of a class consisting of all 3,700 former customers of Selden Sanitary Corp. Selden is a private corporation which, under town franchise (see Transportation Corporations Law, art 10), previously owned and operated a sewage disposal system in the Stony Brook area of the Town of Brookhaven. The complaint demands, *inter alia*, a declaration that the sewer rates utilized by Selden were illegal and for recovery of sewer rents paid by Selden pursuant to those rates. While I agree with my colleagues that those customers who already have litigated to judgment with Selden or are in the process of doing so should not be permitted to join the class, I disagree with the majority's refusal to grant class action certification to customers who have not paid their sewer rents but are not in litigation with Selden. The majority posits its refusal to grant class action status to this group of over 3,500 potential plaintiffs on the fact that in an action previously brought by Selden against certain of its customers (see *Selden Sanitary Corp. v Elstroth,* 69 AD2d 402), this court rejected Selden's motion to have those defendants represent a class consisting of all those who had not paid their sewer rents. Because of *Elstroth,* my colleagues now conclude that the granting of class action status to the instant plaintiffs will open up all the members of the plaintiff class to counterclaims by Selden, something which the majority deems precluded by this court's earlier refusal to create a defendant class. My brothers thus conclude that class action status must be denied the plaintiffs because it had not been shown to be superior to other methods of adjudicating the controversy (see CPLR 901, subd a, par 5). I disagree. Collateral estoppel is a flexible doctrine which should not be rigidly

or mechanically applied (see *Gilberg v Barbieri,* 53 NY2d 285, 292; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 73). In *Elstroth,* this court decided it would be unfair to subject those who had not paid their sewer rents to the threat of money judgments as a defendant class when there was considerable doubt as to whether the class representatives Selden had named and sued would be able to adequately represent the unnamed class members. Here, however, the intention is to have the customers act as class action plaintiffs through certain representatives who have shown they will fairly and adequately protect the interests of the class (see CPLR 901, subd a, par 4). Customers who do not care to join the class action obviously cannot be subject to a class action counterclaim by Selden. Denial of class action status to this group of customers has the potential of providing the Suffolk County District Court with over 3,500 law suits. Since it was the clear intent of the Legislature that CPLR article 9 be used to "achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated" (*Friar v Vanguard Holding Corp.,* 78 AD2d 83, 97), I see no justification for depriving the nonpayers of a forum in which to jointly litigate the question of legality if they care to do so. It is hardly likely that the sums of money involved for each customer would permit any individual customer to litigate that issue properly (see *Friar v Vanguard Holding Corp., supra,* pp 93-95). Finally, I cannot agree with my brethren that fully paid customers who would seek refunds from Selden based on the alleged nullity of the rate increase granted in 1977 should be denied class action status solely because the attorney in the current action has made no request to have that group certified separately from the rest of the class. Plaintiffs' definition of the class is not binding upon the court in which the action is brought. Once there has been a determination that a partial class action is appropriate, the court may fashion its order permitting the maintenance of the class action and describing the subclasses which are subject to class action treatment (see CPLR 906, subd 2; *Friar v Vanguard Holding Corp., supra,* p 100). In sum, I vote to grant class action certification to include all the former customers who have claims against Selden, except for those whose cases already have gone to judgment or who are in present litigation with Selden in another forum.