OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
The motions of defendants to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) were properly denied. The courts below correctly concluded that the complaint sufficiently pleads a cause of action under the Civil Rights Act (42 USC § 1983). Because the action was brought within the three-year limitations period of CPLR 214 (5), the claims under section 1983 are timely asserted (423 S. Salina St. v City of Syracuse, 68 NY2d 474, 480).
The courts below also properly rejected defendants’ argument that the claims arising under the Rent Stabilization Law and the Private Housing Finance Law should be litigated in an article 78 proceeding and are thus barred by the four-month period of limitations under CPLR 217. An article 78 proceeding is not the appropriate remedy to attack the validity of the Rent Stabilization Code, which is a quasi-legislative enactment (Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 408). Plaintiffs maintain that this cause of action is governed by the three-year period of limitations in CPLR 214 (2). We need not decide whether CPLR 214 (2) or 213 (1) applies because the action is timely in either event.
Further, we agree that Supreme Court did not abuse its discretion in ordering the joinder of Lydia Delgado, also known as Katherine Wender, and J.F.I.B. Realty Corp. as parties defendant (CPLR 1002 [b]). To the extent that their opposition to the motion was premised on Statute of Limitations grounds, the record fails to support their claim that the action was not commenced against them within three years of its accrual.
*859 Finally, without detracting from the well-founded rule that where governmental operations are involved, class action relief is ordinarily inappropriate (see, Matter of Martin v Levine, 39 NY2d 72, 75; Matter of Jones v Berman, 37 NY2d 42, 57), we cannot say, in the circumstances presented, that it was an abuse of discretion as a matter of law to permit this class action to proceed against the governmental defendants. If plaintiffs succeed in procuring retroactive awards, the continued presence of these defendants in the action may aid in implementing that relief.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur in memorandum.
Order affirmed, etc.

 Designated pursuant to NY Constitution, article VI, § 2.