■ LEONARD COHEN, Respondent, v ERNESTINE BERGER, Appellant.—In an action for a judgment declaring that the defendant has no right to occupy apartment 5E in premises located at 1430 Seagirt Boulevard, Far Rockaway, and for the ejectment of the defendant, the defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated April 7, 1988, which granted the plaintiff's motion for summary judgment, held that the defendant's rights to the leasehold interest in the subject apartment expired upon the death of her mother, the tenant of record, ejected the defendant from the subject apartment, found the defendant liable for the use and occupancy of the apartment, and set the matter down for an inquest to determine the fair value of her use and occupancy.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, upon searching the record, summary judgment is awarded to the defendant to the extent that it is declared that, pursuant to 9 NYCRR 2523.5 (b) (2), she is entitled to a renewal lease for the subject apartment, and the matter is remitted to Supreme Court, Queens County, for a hearing to determine the amount of rent arrears owed by the defendant to the plaintiff.

The plaintiff is the owner of apartment 5E at 1430 Seagirt Boulevard in Queens. The defendant's deceased parents, Harry and Eva Silverman, resided in that apartment as rent-stabilized tenants, commencing in 1964. In 1976 Harry Silver-

man died. Eva Silverman continued to reside in the apartment, pursuant to a series of renewal leases, the last of which was to expire on October 31, 1987, until her death on or about December 23, 1985.

A few years after the inception of the original lease, the defendant daughter moved into the apartment with her parents, and continued to reside there after the death of her mother. In 1987, she informed the plaintiff owner that her mother was deceased, and requested that her name be substituted on the renewal lease. The owner refused to change the lease, and advised the daughter that the only tenant of record was Eva Silverman, who was deceased, and that she, as daughter, was not entitled to a renewal lease.

The owner sought, *inter alia,* a declaration that the leasehold interest of Eva Silverman expired as of October 31, 1987, and that all rights of the daughter to occupy the subject apartment expired upon the death of her mother, Eva Silverman.

The daughter argued that she was entitled to a renewal lease pursuant to 9 NYCRR 2523.5 (b) (2). That section, which became effective May 1, 1987, provides that: "if the tenant is deceased at the expiration of the lease term, such tenant's family member who has not resided in the housing accommodation since the inception of the tenancy or the commencement of the relationship, but who has been residing with such tenant in the housing accommodation as a primary resident for a period of no less than two years immediately prior to the death of the tenant * * * shall be entitled to a renewal lease." There is no dispute that the daughter is a family member as defined by the Rent Stabilization Code (9 NYCRR 2520.6 [o]), and that she meets the two-year primary resident requirement.

The Supreme Court granted the owner's motion for summary judgment, holding that 9 NYCRR 2523.5 (b) (2) was invalid, and that inasmuch as the daughter was not a named tenant in the lease, she was not entitled to renewal of the lease under the Rent Stabilization Code.

We disagree, and reverse.

Before the promulgation of 9 NYCRR 2523.5 (b) (2), there was a statutory and regulatory void as to the definition of the term " 'tenant' " with regard to the renewal of leases governed by the Rent Stabilization Code. In *Sullivan v Brevard Assocs.* (66 NY2d 489, 490-491, 493), the Court of Appeals held that in the absence of any definition of the term " 'tenant' "

in the Rent Stabilization Code, only the lease definition of tenant applied, and "a landlord need offer a renewal lease only to a tenant of record, and is not obligated to offer a renewal lease to a relative of the tenant who occupies the apartment with the tenant during a portion of the lease term".

In 1985, the Legislature delegated to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) the authority to amend the Rent Stabilization Code *(see,* Administrative Code of City of New York § 26-511 [b], formerly § YY51-6.0 [b]), a quasi-legislative enactment *(see, Bryant Ave. Tenants' Assn. v Koch,* 71 NY2d 856, 858), and to adopt provisions which, "in general, protects tenants and the public interest" (Administrative Code § 26-511 [c] [1], formerly § YY51-6.0 [c] [1]). It was in the exercise of this authority that the DHCR adopted 9 NYCRR 2523.5 (b) (2) *(Festa v Leshen,* 145 AD2d 49, 56).

"DHCR's interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference" *(Matter of Salvati v Eimicke,* 72 NY2d 784, 791). We agree with the Appellate Division, First Department, that the DHCR did not exceed its authority in enacting 9 NYCRR 2523.5 (b) (2) *(see, Festa v Leshen, supra).* There is nothing in the legislative history of the Rent Stabilization Code which indicates that this section is adverse to the purposes of the law. Moreover, dicta in a recent Court of Appeals decision *(Braschi v Stahl Assocs. Co.,* 74 NY2d 201) implicitly approve the definition of tenant in 9 NYCRR 2523.5 (b) (2) and contain nothing to suggest that our conclusion should be other than it is. Accordingly, the defendant is entitled to summary judgment. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.