■ In the Matter of VERSAILLES REALTY COMPANY et al., Appellants-Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal dated January 25, 1988, denying the petitioners rent increases for alleged capital improvements, the petitioners appeal from so much of a judgment of the Supreme Court, Queens County (Durante, J.), dated October 14, 1988, as confirmed so much of the determination as denied the petitioners a major capital improvement

rent increase for installation of new windows, and the New York State Division of Housing and Community Renewal cross-appeals from so much of the same judgment as annulled so much of the determination as denied the petitioners a major capital improvement rent increase for installation of a new boiler and reinstated an order of the District Rent Administrator granting a major capital improvement rent increase for that improvement.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the petitioners' contentions, we conclude that the New York State Division of Housing and Community Renewal (hereinafter the DHCR) had authority to promulgate 9 NYCRR 2522.4 (a) (9) which prohibits an owner from receiving a rent increase based on a major capital improvement funded from a cooperative corporation's reserve fund. The Legislature has delegated to the DHCR the authority to amend the Rent Stabilization Code (see, Administrative Code of City of New York § 26-511 [b]) and to adopt provisions which, "in general, [protect] tenants and the public interest" (Administrative Code § 26-511 [c] [1]). The challenged rule fully comports with this broad legislative mandate (see, Cohen v Berger, 153 AD2d 920; Festa v Leshen, 145 AD2d 49).

Nor can it be said that the DHCR improperly applied the rule in the instant case. The regulations provide in 9 NYCRR 2527.7, inter alia, that unless undue hardship results therefrom, where an applicable code provision is enacted during the pendency of a proceeding the determination shall be made in accordance with the changed provision. The petitioners' claim of hardship is unavailing. The cost of the improvements was not borne by them but by the cooperative corporation.

We agree with the Supreme Court that so much of the determination as set aside the District Rent Administrator's award of a rent increase for the installation of a new boiler was arbitrary and capricious. The DHCR relied on language in the cooperative offering plan which purportedly guaranteed that the boiler would remain in good working order for two years from the closing date. The record discloses, however, that the guarantee was contingent on the receipt of an additional 15 subscription agreements. However, since this contingency never occurred, the DHCR's determination setting aside the rent increase was unfounded. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.