■ COMMUNITY HOUSING IMPROVEMENT PROGRAM, INC., et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In an action, *inter alia,* for a judgment declaring that 9 NYCRR 2520.2 is invalid, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), entered April 27, 1989, which granted the defendant's motion pursuant to CPLR 3211 (a) (3), (5) and (7) to dismiss the complaint in its entirety.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated.

The plaintiff Community Housing Improvement Program, Inc., is a trade organization comprised of owners of property located throughout the five boroughs of New York City and subject to the New York City Rent Stabilization Code. Some of its members have joined in the action as co-plaintiffs. After seeking pertinent rulings from the defendant *(see,* State Administrative Procedure Act §§ 204, 205), the plaintiffs brought the instant action challenging the validity of the defendant's 1987 "amendment" to the Rent Stabilization Code (9 NYCRR part 2520) set forth in 9 NYCRR 2520.2, which the plaintiffs claim deleted former sections of the Rent Stabilization Code in their entirety *(cf.,* Administrative Code of City of New York § 26-511 [b]). In 13 additional causes of action, the plaintiffs challenge the facial validity of particular sections of the Rent Stabilization Code on the ground that their promulgation is beyond the scope of the defendant's legislative authorization, which specifies that "[n]o provision of such code shall impair or diminish any right or remedy granted to any party by this law or any other provision of law" (Administrative Code § 26-511 [b]). Among the code sections at issue are 9 NYCRR 2523.5 (b) (1) and (2), which require owners to offer renewal leases to

a named tenant's family members, 9 NYCRR 2526.1 (f) (2), which imposes full responsibility for overcharge penalties on current owners, including penalties based on overcharges collected by a prior owner, and 9 NYCRR 2524.5 (c), which authorizes the defendant, when granting to a property owner permission to decline to offer renewal lease to a tenant because, *e.g.,* the property is being withdrawn from the market, to impose the requirement that the property owner pay the tenant's moving expenses, and, if no comparable housing accommodation is available at the same or lower regulated rent, to pay the difference in rent between the present rent and the rent of the new housing accommodation to which the tenant is relocated.

Prior to service of its answer, the defendant moved to dismiss the complaint on the grounds that the trade organization lacked standing to sue, that the challenge to the defendant's authority to act was untimely, and that the plaintiffs' claims are "unripe". A variety of other grounds *(see, e.g.,* CPLR art 5; *see also,* Administrative Code § 26-516 [d]; CPLR 3013, 3024), none of which provides a basis for dismissal *(cf., Matter of Nolan v Lungen,* 61 NY2d 788; CPLR 3211 [a]), were also advanced. There was, however, no challenge to the merits or to the justiciability of the individual causes of action, which were not separately addressed *(cf., Samaras v Gatx Leasing Corp.,* 75 AD2d 890; *Griefer v Newman,* 22 AD2d 696). The Supreme Court granted the defendant's motion, ruling that the first cause of action should have been brought pursuant to CPLR article 78 and was thus barred by the four-month Statute of Limitations contained in CPLR 217. It also ruled that "[a]ll the other causes of action refer to claims of possible error and harm at some future time, and thus no claim or controversy now exists".

The defendant's assertion that the plaintiff trade organization lacks standing to sue is without merit *(see, Subcontractors Trade Assn. v Koch,* 62 NY2d 422; *Leo v General Elec. Co.,* 145 AD2d 291). Moreover, since the plaintiffs do not contend that the defendant failed to comply with the procedural requirements attendant upon promulgating the challenged regulatory scheme *(cf.,* State Administrative Procedure Act art 2; *see, Siegal v New York State Div. of Hous. & Community Renewal,* 143 AD2d 430) but rather take issue with the defendant's underlying authority to perform certain "quasi-legislative" acts *(see, Boreali v Axelrod,* 71 NY2d 1; *see also, Cohen v Berger,* 153 AD2d 920, 922, *cert denied* — US —, 111 S Ct 1586; *Matter of Building Contrs. Assn. v Tully,* 65 AD2d 199),

the Supreme Court erred when it ruled that the four-month Statute of Limitations applied to the first cause of action *(see, Bryant Ave. Tenants' Assn. v Koch,* 71 NY2d 856).

The remaining question presented by this case is whether there exists a controversy which is ripe for judicial determination *(see,* CPLR 3001). "The ripeness doctrine and the related rule that there must be 'an actual controversy between genuine disputants with a stake in the outcome' * * * serve the same purpose: 'to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems' " *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 518, quoting 4 Davis, Administrative Law § 25:1, at 350 [2d ed]). The primary purpose of a declaratory judgment, however, is to "adjudicate the parties' rights before a 'wrong' actually occurs in the hope that later litigation will be unnecessary" *(Klostermann v Cuomo,* 61 NY2d 525, 538) and it is appropriate to entertain a pre-enforcement challenge to the action of an administrative agency if the action is final and the controversy may be termed a "purely legal" question *(see, Church of St. Paul & St. Andrew v Barwick, supra,* at 519).

It is true that the questions presented by this litigation could be addressed separately in a variety of other contexts *(cf., Festa v Leshen,* 145 AD2d 49; *see also, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325). That fact, however, is by itself an insufficient basis for dismissal of the action on "ripeness" grounds *(cf., Klostermann v Cuomo, supra).* Indeed, the gravamen of the plaintiffs' challenges are "purely legal" and are directed at the defendant's authority to promulgate particular regulations applicable to properties owned by members of the plaintiff trade organization and affecting their relationship with tenants *(see, Festa v Leshen, supra,* at 61; *see also, Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, supra).* Moreover, the resolution of whether the defendant has the authority to perform specified quasi-legislative acts does not require examination of facts not yet developed *(cf., Church of St. Paul & St. Andrew v Barwick, supra)* but rather requires an examination of the challenged regulatory scheme and its parts against the backdrop of the enabling legislation and its underlying purpose *(cf., Boreali v Axelrod,* 71 NY2d 1, *supra; see also, Sullivan v Brevard Assocs.,* 66 NY2d 498; *Subcontractors Trade Assn. v Koch,* 62 NY2d 422, *supra; see generally, Rent Stabilization Assn. v Higgins,* 164 AD2d 283; *Matter of Lower Manhattan Loft*

*Tenants v New York City Loft Bd.*, 104 AD2d 223, *affd* 66 NY2d 298). We therefore cannot agree with Supreme Court's blanket determination that the plaintiff's claims are "unripe".

It may be that the harm purportedly occasioned by some of the challenged regulations is so slight or the law so clear that the Supreme Court could, in the proper exercise of its discretion, decline to issue a declaration on the merits of a particular cause of action *(see,* CPLR 3001; *cf., Church of St. Paul v Barwick,* 67 NY2d 510, 520, *supra).* It may also be that the merits of many of the causes of action may otherwise be summarily determined *(see,* CPLR 3212; *see, Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, supra; see also, Rent Stabilization Assn. v Higgins, supra; Festa v Leshen, supra; Cohen v Berger,* 153 AD2d 920, *supra; but cf., Sullivan v Brevard Assocs., supra).* We are not presently called upon to address these possibilities, however, and simply rule that the defendant's broad challenge to the complaint is not an appropriate basis for either dismissal of the plaintiffs' entire pleading or for a present determination of the merits of any one cause of action. And since it appears that a declaratory judgment would serve the practical end of stabilizing the obligations of the parties governed and affected by the Rent Stabilization Code *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.05, at 30-41; *see also, Subcontractors Trade Assn. v Koch, supra),* the defendant's motion is denied, and the complaint is reinstated. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.