In the Matter of the Estate of JOSEPH N. FORTH, Deceased. THOMAS F. HEWNER, as Administrator C. T. A. of the Estate of JOSEPH N. FORTH, Deceased, Appellant, v FRANK J. McGUIRE, Doing Business as AUTUMN VIEW MANOR, et al., Respondents. [677 NYS2d 841] —Judgment unanimously affirmed without costs. Memorandum: In March 1989 Joseph N. Forth moved into the Autumn View Manor Nursing Home (Autumn View). On April 9, 1992, he was hospitalized. Although on April 15, 1992, he was medically able to return to Autumn View, he was refused readmission until he paid the outstanding balance on his bill. He requested a hearing by the New York State Department of Health (DOH) and charged that Autumn View

violated his rights under 10 NYCRR 415.3 (h). After an investigation, DOH determined that Autumn View did not violate Forth's rights. In June 1992 Forth commenced this CPLR article 78 proceeding against Frank J. McGuire, doing business as Autumn View Manor, and Lorna McBarnette, as Acting Commissioner of DOH, alleging a violation of his due process rights under 42 USC § 1983 and his rights under NYCRR title 10. He sought judgment directing McGuire to readmit him to Autumn View, directing McBarnette to hold a fair hearing pursuant to 10 NYCRR 415.3 (h) (2) and to penalize McGuire for his violations of 10 NYCRR 415.3 (h), and granting Forth counsel fees under 42 USC § 1988. In July 1992 Forth was readmitted to Autumn View, his motion for a preliminary injunction against McGuire was withdrawn, and his petition against McGuire was dismissed.

Thereafter, Forth filed an amended petition against McBarnette alleging violations of NYCRR title 10 and its Federal counterpart, and Forth's due process rights under 42 USC § 1983. In February 1993 Forth died.

Supreme Court properly dismissed the petition against McBarnette. Forth's readmission to Autumn View and subsequent death rendered the causes of action seeking declaratory and injunctive relief moot (*see generally, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *Matter of Washington v Hoke,* 168 AD2d 701; *Matter of Hanna v New York State Educ. Dept.,* 104 AD2d 680). The cause of action for monetary damages for violation of 42 USC § 1983 was properly dismissed because monetary relief is only available in a CPLR article 78 proceeding when it is incidental to the primary relief sought (*see,* CPLR 7806), and section 1983 damages are never incidental (*see, Matter of Barresi v Mahoney,* 240 AD2d 570, 571, *lv denied* 90 NY2d 812; *see also, Davidson v Capuano,* 792 F2d 275, 278-279).

Finally, we reject petitioner's contention that the facts of this dispute bring it within a recognized exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra,* at 714-715; *Matter of McGrath,* 245 AD2d 1081). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.