■ In the Matter of SHEILA GRAVES et al., Appellants, and FRED KAMINTZKY, Intervenor-Appellant, v ROBERT DOAR, Respondent, et al., Respondent/Defendant. [879 NYS2d 204]—

In a hybrid proceeding pursuant to CPLR article 78 to review several determinations of Robert Doar, Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, each dated February 23, 2006, which, after a fair hearing, affirmed several determinations of John E. Imhof, Commissioner of the Nassau County Department of Social Services, each dated December 19, 2004, inter alia, reducing the food stamp benefits of the petitioners-plaintiffs, and putative class action, inter alia, for declaratory

and injunctive relief, the petitioners-plaintiffs and the intervenor-petitioner-plaintiff appeal from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered October 3, 2007, as denied that branch of their motion which was pursuant to CPLR article 9 for class certification of the action, and (2) so much of an order and judgment (one paper) of the same court entered December 27, 2007, as was entered upon the order entered October 3, 2007, denying that branch of the motion which was pursuant to CPLR article 9 for class certification of the action.

Ordered that the appeal from the order entered October 3, 2007 is dismissed, as that order was superseded by the order and judgment entered December 27, 2007; and it is further,

Ordered that the order and judgment entered December 27, 2007 is reversed insofar as appealed from, on the law, so much of the order entered October 3, 2007, as denied that branch of the appellants' motion which was pursuant to CPLR article 9 for class certification is vacated, that branch of the appellants' motion is granted to the extent of certifying a plaintiff class consisting of all recipients of food stamps in the State of New York whose food stamp benefits were determined and reduced under the Group Home Standardized Benefit Program and whose monthly income included payments of supplemental security income benefits, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate order pursuant to CPLR 903; and it is further,

Ordered that one bill of costs is awarded to the appellants.

"Whether a lawsuit qualifies as a class action matter is a determination made upon a review of the statutory criteria [set forth in CPLR art 9] as applied to the facts presented" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52 [1999]; *see* CPLR 901; *Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 136 [2008]). The Supreme Court denied that branch of the appellants' motion which was for class certification of similarly-situated group-home residents receiving supplemental security income (hereinafter SSI; *see* 42 USC § 1382) whose food stamp allotments were determined under the New York State Group Home Standardized Benefit program (hereinafter GHSBP), authorized pursuant to 7 USC § 2017 (f) (2), on the sole ground that a class action was not superior to an ordinary lawsuit where "governmental operations" are involved. The premise of the "governmental operations" rule is that stare decisis will afford adequate protection to members of the class (*see Matter of Martin v Lavine*, 39 NY2d 72, 75 [1976]; *Mahoney v Pataki*, 98 NY2d 45, 55 [2002]; Weinstein-Korn-Miller, NY Civ Prac ¶ 901.23 [10] [3d ed]).

The "governmental operations" rule does not apply where, as here, the members of the class are "seeking relatively small sums of damages" as a result of the challenged governmental action (*Matter of Holcomb v O'Rourke,* 255 AD2d 383, 384 [1998]; *see Bryant Ave. Tenants' Assn. v Koch,* 71 NY2d 856 [1988]; *Tosner v Town of Hempstead,* 12 AD3d 589 [2004]; *Brodsky v Selden Sanitary Corp.,* 85 AD2d 612 [1981]). The order and judgment appealed from, inter alia, declared that the GHSBP was "contrary to law" and enjoined its operation; thus, the appellants and those similarly situated could be entitled to recover damages or to an award of retroactive reimbursement of food-stamp allotments wrongfully withheld (*see Harrington v Blum,* 483 F Supp 1015 [1979], *affd* 639 F2d 768 [1980]). Robert Doar, the Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, acknowledges that this issue is outstanding and unresolved (*see Bryant Ave. Tenants' Assn. v Koch,* 71 NY2d 856 [1988]). Although the appellants admit that they have received some reimbursement, Doar concedes that the adequacy of the amount is still in dispute.

The appellants established that they satisfied the remaining requirements for class certification pursuant to CPLR article 9 (*see Friar v Vanguard Holding Corp.,* 78 AD2d 83, 100 [1980]; *Globe Surgical Supply v GEICO Ins. Co.,* 59 AD3d at 136-145). Specifically, the appellants are recipients of food stamps in the State of New York whose food stamp benefits were reduced under the GHSBP and whose monthly income included payments of SSI benefits. Accordingly, the appellants satisfy the commonality and typicality requirements of CPLR 901 (a) (2) and (3). Since the GHSBP is based on an averaging system, whereby some group-home residents who received SSI had their food stamp benefits reduced, while some had their benefits increased, we define the certified class as all recipients of food stamps in the State of New York whose food stamp benefits were determined and reduced under the GHSBP and whose monthly income included payments of SSI benefits (*see* CPLR 902; 18 NYCRR 387.17 [d] [3]; *Pesantez v Boyle Envtl. Servs.,* 251 AD2d 11 [1998]; *Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604, 607-608 [1987]; *see also* Weinstein-Korn-Miller, NY Civ Prac ¶ 901.01 [3d ed]).

Doar's remaining contentions are without merit. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.