In the Matter of SHEILA GRAVES et al., Respondents-Appellants, v ROBERT DOAR, as Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, et al., Appellants-Respondents. [928 NYS2d 774]—

The State of New York implemented a five-year pilot program, known as the New York State Group Home Standardized Benefits Program (hereinafter the GHSBP), authorizing a fixed allocation of food stamps to group-home residents, based on a matrix that charted geographic region (either the New York City metropolitan area, consisting of the City of New York, and Nassau, Suffolk, Westchester, and Rockland Counties, or the remainder of the state) and income source (either public assistance [hereinafter PA] benefits, Supplemental Security Income [hereinafter SSI] benefits/other Social Security Administration benefits, or other income source). The petitioners/plaintiffs (hereinafter the petitioners) are residents of group homes, and are entitled to, and/or are recipients of, SSI benefits. They alleged, inter alia, that, under the GHSBP, recipients of SSI benefits residing in group homes were awarded less than one half the monthly food stamp allotment given to similarly-situated PA recipients, in violation of their equal protection rights. They moved, among other things, for summary judgment on that ground. The Supreme Court awarded summary judgment to the petitioners on their first cause of action, and declared that the implementation of the GHSBP violated the Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and article I, § 11 of the New York Constitution. The Supreme Court also directed the restoration of monthly food stamp benefits which the petitioners would have received had the GHSBP not been implemented but, in effect, awarded summary judgment to the respondents/defendants in connection with the third cause of action declaring that the GHSBP did not violate article XVII, § 1 of the New York Constitution, which recites that the "aid, care and support of the needy . . . shall be provided by the state."

Legislation concerning economics and social welfare need only be rationally related to the achievement of a legitimate state purpose in order to withstand an equal protection attack (see Matter of Bernstein v Toia, 43 NY2d 437 [1977]; see generally Lovelace v Gross, 80 NY2d 419 [1992]; Matter of Davis, 57 NY2d 382 [1982]; but see Tucker v Toia, 89 Misc 2d 116 [1977], affd 43 NY2d 1 [1977]). Even under the rational basis test, the Supreme Court properly awarded summary judgment in favor of the petitioners on the equal protection cause of action, and

declared that the implementation of the GHSBP violated the Equal Protection clauses of the United States and New York constitutions since the petitioners established that the respondents/defendants did not have a rational basis for providing higher allotments of food stamps to similarly-situated recipients of PA than to recipients of SSI. The respondents/defendants failed to provide a sufficient justification for, or proof that the United States Department of Agriculture actually approved of, any income exclusions for PA recipients (*see* 7 CFR 273.9 [c] [1] [i] [F]). Moreover, the respondents/defendants failed to justify the different treatment accorded to PA payments and SSI payments made to a group home provider on behalf of a resident of a facility that are in excess of the normal maximum PA grant, in light of the fact that grants of equal amounts are paid to the provider for the clients in their care regardless of whether the resident receives PA or SSI.

The Supreme Court also properly limited the petitioners' recovery to the restoration of monthly food stamp benefits which they would have received had the GHSBP not been implemented, as they are already entitled to this relief pursuant to their successful contention that the GHSBP is invalid by virtue of its implementation in the absence of a proper and formal rule-making procedure (*see Matter of Graves v Doar*, 87 AD3d 744 [2011] [decided herewith]). To the extent that the petitioners seek retroactive relief in the form of food stamp allotments that are equal to those awarded to their counterparts receiving PA, the cause of action pursuant to 42 USC § 1983 is barred since it does not seek to conform the future conduct of the State and its officers to constitutional norms, but seeks merely to recover damages from the State to remedy a past violation of law, and the State and its officers in their official capacities are not "persons" within the meaning of 42 USC § 1983 subject to such liability (*see Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health*, 11 NY3d 179, 187, 188 [2008]; *see also Matter of Forth*, 254 AD2d 836 [1998]; *Barresi v Mahoney*, 240 AD2d 570 [1997]). The petitioners are also not entitled to recover retroactive benefits equal to those received by their PA recipient counterparts pursuant to their state constitutional claims, as such relief would be inconsistent with the Supreme Court's prior invalidation of the GHSBP methodology of calculating food stamp benefits (*see generally Matter of Graves v Doar*, 62 AD3d 874 [2009]). Rather, the declaration herein that the GHSBP violates the Equal Protection clauses of the United States and New York constitutions is a meaningful equitable remedy to which the petitioners and the members of the class are entitled.

The Supreme Court also properly, in effect, declared that the GHSBP does not violate article XVII, § 1 of the New York Constitution. The petitioners concede that what is at issue on their cross appeal is not the denial of all food stamp allotment benefits to SSI recipients, but rather the unequal allotment of those food stamp benefits as between SSI and PA recipients. The Court of Appeals has stated that article XVII, § 1 does not command that "in carrying out the constitutional duty to provide aid, care and support of the needy, the State must always meet in full measure all the legitimate needs of each recipient" of State aid (*Matter of Bernstein v Toia*, 43 NY2d at 448-449; *see also Tucker v Toia*, 43 NY2d at 7; *Matter of Barie v Lavine*, 40 NY2d 565, 570 [1976]). While article XVII, § 1 imposes on the State an affirmative duty to provide aid, care, and support to those it classifies as needy, "[the] Constitution provides the Legislature with discretion in determining the means by which this objective is to be effectuated, in determining the amount of aid, and in classifying recipients and defining the term 'needy' " (*Tucker v Toia*, 43 NY2d at 8). Accordingly, to the extent that the petitioners are challenging the facial sufficiency of the benefits allotted to SSI recipients under the GHSBP, they may not rely upon New York Constitution article XVII, § 1; to the extent that they challenge only the unequal allotment of benefits, that constitutional provision is inapposite (*see Matter of Bernstein v Toia*, 43 NY2d at 448-449).

Finally, for an SSI recipient to qualify as a class member under the definition of the class, that individual must have been receiving food stamp benefits prior to the implementation of the GHSBP. If an SSI recipient had not been previously receiving food stamps, then there would be no way to determine the individual's benefits threshold and, hence, whether his or her benefits had actually been "reduced" when the GHSBP was implemented. The class necessarily consists of those SSI recipients who were previously receiving food stamp benefits but, upon the implementation of the GHSBP, had their food stamp benefits reduced. Thus, any SSI recipients who were not receiving food stamps prior to the implementation of the GHSBP are not members of the defined class, and are not eligible to obtain the relief sought by the petitioners. On this record, the petitioners have failed to prove that the eight additional proposed intervenors fit within the class definition in order to be certified as members of the class previously defined by this Court in *Matter of Graves v Doar* (62 AD3d 874 [2009]). Rivera, J.P., Eng, Roman and Miller, JJ., concur.