OPINION OF THE COURT
Stephen A. Bucaria, J.
Motion by plaintiff County of Nassau for an order allowing the above action to be maintained as a class action is granted to the extent indicated below.
This is an action by the County of Nassau, seeking to enforce the County’s hotel tax law against certain online sellers of hotel accommodations. New York State authorizes Nassau County to impose a tax not exceeding 3% “upon persons occupying hotel or motel rooms in such county” (see Tax Law § 1202-q [1]). Pur *628 suant to this authority, the County has enacted the Nassau County Hotel and Motel Occupancy Tax, which provides that the 3% tax “shall be paid by the person liable therefor to the owner of the hotel or motel room occupied or to the person entitled to be paid the rent or charge for the hotel or motel room occupied . . . (Misc Laws of Nassau County, tit 24, § 3 CD].)
Defendants purchase blocks of rooms from hotels and motels at discounted rates and then resell the rooms to members of the public via the Internet. The County alleges that the tax owed under the Hotel and Motel Occupancy Tax Law is correctly calculated as a percentage of the price that occupants pay to the defendant resellers. The County further alleges that the online sellers collect the 3% hotel tax from consumers based on retail room rates but remit to the County only the portion of the tax based on defendants’ lower “wholesale” rate.
Nassau seeks to bring this action as a class action on behalf of all New York cities, counties, and other local governmental entities who have imposed hotel taxes since March 1, 1995. Nassau alleges that at least 56 local governmental agencies have imposed a hotel tax. Nassau also moves for an order appointing its special counsel, Zwerling, Schachter & Zwerling, LLP, as counsel for the class.
The County previously filed a similar action in the United States District Court for the Eastern District of New York around October 24, 2006 (County of Nassau v Hotels.com, LP, 2:06-CV-05724). On August 17, 2007, Judge Spatt dismissed the federal action without prejudice for lack of subject matter jurisdiction (594 F Supp 2d 251 [2007]).
However, the United States Court of Appeals vacated Judge Spatt’s order and remanded the case for consideration of whether it met the requirements for class certification under Federal Rules of Civil Procedure rule 23 (County of Nassau v Hotels.com, LP, 577 F3d 89 [2d Cir 2009]). The Court of Appeals reasoned that qualification as a class action under rule 23 was the predicate for subject matter jurisdiction under the Class Action Fairness Act (see 28 USC § 1332 [d] [2]).
The parties then conducted class certification discovery and concluded that complete diversity was lacking. By stipulation and order dated May 7, 2011, the federal action was dismissed without prejudice. On September 26, 2011, the County filed the present action again seeking to bring the action as a class action.
*629 By order dated June 13, 2012, this court denied defendants’ motion to dismiss for lack of subject matter jurisdiction or failure to state a cause of action. The court held that defendants had not established that the doctrine of exhaustion of administrative remedies barred the County from seeking declaratory or other relief in the present action.
As defendants served their answers on July 30, 2012, plaintiffs motion for class certification was due on September 28, 2012 (CPLR 902). By order dated October 3, 2012, the court extended plaintiff’s time to file its class certification motion until 60 days after that date. By notice of motion dated November 27, 2012, plaintiff moves for the present action to be allowed to proceed as a class action.
Before considering whether the action meets the requirements of CPLR 901, the court must address the threshold issue of whether a county has the capacity to bring a class action. “The issue of capacity often arises when a governmental entity seeks to bring suit” (Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs., 5 NY3d 36, 41 [2005]).
“Being artificial creatures of statute, such entities have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate. An express grant of authority is not always necessary. Rather, capacity may be inferred as a necessary implication from the powers and responsibilities of a governmental entity, provided, of course, that there is no clear legislative intent negating” the specific type of action (id. at 41-42 [internal quotation marks and citations omitted]).
Neither the New York Tax Law nor the County Law expressly authorizes a county to sue on behalf of other governmental entities (see e.g. County Law § 51). Nor do the relevant statutes prohibit Nassau from bringing a class action. Nevertheless, the powers and responsibilities of a county imply that it must have capacity to enforce its own tax laws. Where the state has granted a number of counties power to enact a specific tax, the powers and responsibilities of a county include the power to enforce the tax on behalf of other counties, if the requirements of a class action have otherwise been met (but see Hinds County, Miss. v Wachovia Bank N.A., 2010 WL 1837823, 2010 US Dist LEXIS 43202 [SD NY, Apr. 26, 2010, Nos. 08 Civ. *630 2516(VM), 08 MDL No. 1950 (VM)] [California governmental entity]).
CPLR 901 provides that one or more members of a class may sue or be sued as representative parties on behalf of all if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interest of the class, and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. CPLR article 9 is to be liberally construed in determining whether the prerequisites to a class action have been met (Tosner v Town of Hempstead, 12 AD3d 589 [2d Dept 2004]).
Fifty-six local governmental agencies have imposed a hotel tax. Thus, the class is so numerous that joinder of all the cities and counties would be impracticable.
The vast majority of enabling statutes are contained in Tax Law § 1202 et seq. and are materially identical. The local tax statutes derive their authority from the enabling statutes. Thus, the predicate for imposition of the tax, payment of a charge for occupying a hotel room, is substantially similar for each local tax statute.
Defendants argue that the ordinances vary as to the party who must collect and remit the hotel tax because some of the local ordinances provide that the “operator” must collect the tax. Nevertheless, the court construes the term “operator” in those ordinances as referring to an online seller who accepts reservations on behalf of the hotel proprietor. In the world of Internet commerce, such a construction is necessary in order to achieve tax neutrality as between an online seller and a conventional booking agent (see Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586 [2013]). Under this construction, the “individualized inquiry” contemplated by the Court of Appeals is less significant (County of Nassau v Hotels.com, LP, 577 F3d at 92). The court notes that there is some variation in the tax rate among the different taxing authorities. Nevertheless, the court concludes that the “means and . . . manner” of collecting the taxes is sufficiently similar (id.). Thus, there are common questions of law and fact common to the class which predominate over any questions affecting only individual taxing authorities. *631 Defendants argue that the claims of Nassau County are not typical of the claims of the class because many of the other ordinances require a designated fiscal officer to request the county attorney, or other legal officer, to pursue unpaid taxes via judicial proceedings. However, that individual members of the class may have different levels of damages does not defeat class certification (Englade v HarperCollins Publs., 289 AD2d 159 [1st Dept 2001]). Thus, the different taxing authorities may file claims in the action for different amounts of taxes outstanding. Or a municipality may choose to opt out of the hotel tax class action (see CPLR 903). As noted, the doctrine of exhaustion of administrative remedies is meant to be a limitation on the taxpayer’s right to seek judicial review of the imposition of a tax, not the taxing authority’s power to seek enforcement (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 321 [20033). The court concludes that the claims of the representative party are typical of the claims of the class members.
The court further concludes that Nassau County will fairly and adequately protect the interest of the other taxing authorities, and a class action is superior to other available methods for the fair and efficient adjudication of the hotel tax controversy.
Additionally, CPLR 902 provides that the court shall consider (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions, (2) the impracticability or inefficiency of prosecuting or defending separate actions, (3) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, (4) the desirability or undesirability of concentrating the litigation of the claim in the particular forum, and (5) the difficulties to be encountered in the management of a class action.
The court has noted the desirability of promoting neutrality as between online sellers and conventional booking agents with respect to the payment of the hotel tax on a statewide basis. Thus, it is desirable to concentrate hotel tax litigation in the present action. It would not be impracticable or inefficient to require the individual taxing authorities to bring separate actions. However, the difficulties in the management of a hotel tax class action do not seem insurmountable. The interest of individual taxing authorities in individually controlling the prosecution of separate actions may be addressed by providing for an opt out provision {see CPLR 903). The extensive discovery with respect to class certification, already developed in the federal court, militates in favor of granting class certification.
*632 Under the government operations rule, where the municipality is a defendant, a class wide judgment is usually unnecessary (Matter of Graves v Doar, 62 AD3d 874 [2d Dept 2009]). Thus, it is presumed that the government will treat individuals who are similarly situated in the same way because of the stare decisis doctrine. However, this case demonstrates that the government operations rule has no applicability where the municipality is a plaintiff seeking to sue on behalf of other taxing jurisdictions. Defendants have not demonstrated a willingness to accept this court’s holding as stare decisis as to other taxing ordinances and have the resources to pursue repetitive litigation.
Accordingly, plaintiff County of Nassau’s motion for an order certifying the action as a class action is granted to the extent that Nassau may bring the action on behalf of all New York cities, counties, and other local governmental entities who have imposed hotel taxes since March 1, 1995, except for those governmental entities which request exclusion from the class within 60 days after notice to all class members in the form to be approved by the court. Zwerling, Schachter & Zwerling, LLP, is appointed as counsel for the class, subject to further order of the court. Counsel for the class shall submit a proposed notice to the class within 30 days of the date of this order.