07-3919-cv
County of Nassau v. Hotels.com

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

————————

August Term, 2008

(Argued:  Jan. 22, 2009                    Decided: August 11, 2009)

Docket No. 07-3919-cv

————————————————————

COUNTY OF NASSAU, NEW YORK, on behalf of itself and all others similarly situated,

*Plaintiff-Appellant*,

-v.-

HOTELS.COM, LP; HOTELS.COM GP, LLC; HOTWIRE, INC.; TRIP NETWORK, INC., D/B/A CHEAPTICKETS.COM; CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP., D/B/A LODGING.COM; LOWESTFARE.COM, INC.; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC.; SITE59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC,

*Defendants-Appellees*.

————————————————————

Before: WALKER and CALABRESI, *Circuit Judges*,[*]

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *Judge*).  VACATED and REMANDED.

_____

[*] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); Local Rule 0.14(2); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

PETER J. CLINES, *for* Lorna B. Goodman, Office of the Nassau County Attorney, Mineola, N.Y. (Robert S. Schachter, Joseph Lipofsky, Paul Kleidman, and David R. Kromm, Zwerling, Schachter & Zwerling, LLP, Garden City, N.Y., and New York, N.Y., *on the brief*), *for Plaintiff-Appellant.*

BRIAN S. STAGNER, Kelly Hart & Hallman, LLP, Fort Worth, Tex. (William M. Savino, Rivkin Radler LLP, Uniondale, N.Y., *on the brief*), *for Defendants-Appellees.*

Chad Arnette, Kelly Hart & Hallman, LLP, Fort Worth, Tex., *for Defendants-Appellees Travelocity.com, Inc., Travelocity.com LP, and Site59.com LLC.*

Paul E. Chronis and Elizabeth B. Herrington, McDermott Will & Emery LLP, Chicago, Ill., *for Defendants-Appellees Orbitz, Inc., Orbitz, LLC, Internetwork Publishing Corp. d/b/a Lodging.com, Trip Network, Inc. d/b/a Cheaptickets.com, and Cendant Travel Distribution Services Group, Inc.*

James P. Karen and Deborah S. Sloan, Jones Day, Dallas, Tex., *for Defendants-Appellees Hotels.com, LP, Hotels.com GP, LLC, Hotwire, Inc., Expedia, Inc., and TravelNow.com, Inc.*

Darrel J. Hieber, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, Cal., and Karen L. Valihura, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Del., *for Defendants-Appellees Priceline.com, Inc., Lowestfare.com, Inc., and Travelweb LLC.*

John D. Pernick, Bingham McCutchen LLP, San Francisco, Cal., *for Defendant-Appellee Maupintour Holding, LLC.*

---

PER CURIAM:

Plaintiff-Appellant County of Nassau (the "County" or "Nassau") appeals a decision of

2

the District Court dismissing its complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *County of Nassau v. Hotels.com, LP*, 594 F. Supp. 2d 251 (E.D.N.Y. 2007). The District Court based its decision on the failure of the County to allege that it complied with administrative processes for assessing and collecting taxes, thus exhausting its administrative remedies, prior to commencing its action to recover those taxes. *See id.* at 258-59. On appeal, the County argues that no requirement of exhaustion exists, that the District Court failed to defer to the County Treasurer's interpretation of the County tax law at issue, and that exhaustion would in any event be futile.

Without considering whether the County needed to exhaust administrative processes to sustain jurisdiction, we remand for consideration of a different jurisdictional concern, which we raised *nostra sponte* at oral argument: whether the complaint meets the requirements for class certification under Fed. R. Civ. P. 23, without which both we and the District Court would lack jurisdiction over the suit as presently constituted.

## BACKGROUND

The County's allegations are set out at length in the District Court's opinion. *See* 594 F. Supp. 2d at 252-54. Relevant to our purposes, the County alleges that the defendants are online sellers and/or resellers of hotel rooms who negotiate discounted room rates with hotels and then resell the rooms at higher retail rates. The State of New York authorizes the County to impose a tax "upon persons occupying hotel or motel rooms in such county." N.Y. Tax Law § 1202-q(1). Pursuant to this authority, the County enacted the Nassau County Hotel and Motel Occupancy Tax, which provided that the tax:

shall be paid by the person liable therefor to the owner of the hotel or motel room

3

occupied or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax. . . .

Nassau County Misc. Local Laws tit. 24 § 3(D) ("Nassau County Hotel Tax Law"), *available at*

http://www.nassaucountyny.gov/website/GenericServices/docs/NassauCountyMiscLaws_Dec200

8.pdf.

The County alleges that the tax owed under this law is correctly calculated as a percentage of the price that occupants pay to the defendant resellers, and that the defendants are required to remit that amount to the County. It further alleges that, rather than paying this amount, each defendant has been calculating its taxes based on the discounted price that it negotiated with the hotels and accordingly remitting too little to the County.

In its complaint, the County sought jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). It requested certification of a "state-wide class of all New York cities, counties and other local governmental entities that have imposed hotel taxes since March 1, 1995." Compl. ¶ 34.

**DISCUSSION**

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Because the case presents no federal questions, the only statutory jurisdictional grant that might allow us to consider the case with its current parties is CAFA, which grants district courts original

4

jurisdiction over class action suits on certain conditions, among them that "the number of members of all proposed plaintiff classes in the aggregate" be no less than one hundred. 28 U.S.C. § 1332(d)(5)(B). Although the parties stipulated that the requirements of CAFA are met, we asked *nostra sponte* whether they are in fact satisfied, as the District Court lacked jurisdiction to hear the case if they were not. *See Durant, Nichols*, 565 F.3d at 62 ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.").

There are substantial questions as to whether class certification would be appropriate in this case. To warrant certification of a federal class action lawsuit, plaintiffs must establish that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The County brought its suit under Fed. R. Civ. P. 23(b)(3), *see* Compl. ¶ 36, under which the district court must also satisfy itself, *inter alia*, that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007).

In its post-argument letter brief, Nassau estimates that over one hundred local governments – counties, cities, towns, and villages – in the State of New York that it claims imposed hotel taxes on the defendants. If true, this allegation would satisfy § 1332(d)(5)(B). But

5

the allegation raises the distinct possibility that questions common to the members of the class do not predominate over those affecting only individual members. Assuming that each locality imposes its hotel tax as Nassau does, under its own tax law, the cause of action for each member of the plaintiff class might well arise under a law unique to that class member. As a result, construction of at least some of these laws would likely require individualized inquiry even if the language of each hotel tax is broadly similar. Both the New York State statute pursuant to which Nassau's hotel tax has been enacted and Nassau's hotel tax law itself provide that the tax shall be collected and administered "by such means and in such manner as other taxes which are now collected and administered." N.Y. Tax Law § 1202-q(2); Nassau County Hotel Tax Law § 3(B). Accordingly, construction of Nassau's hotel tax law is not resolved by the language of the law itself, but requires inquiry into all of the other taxes administered and collected by the county.

This is not to say that Nassau faces an insurmountable burden in seeking class certification. The various class members may collect and administer their taxes through sufficiently similar "means and . . . manner[s]" to satisfy the certification requirement, and class members may share significant common questions of fact regarding the way in which the defendant companies conduct their businesses. This, however, is a question for the District Court to consider in the first instance. Accordingly, we remand to the District Court to determine whether class certification is appropriate.

We also note that both parties have suggested the possibility of dropping Site59.com, the sole defendant with New York citizenship. If this were done, the District Court would seem to have jurisdiction under 28 U.S.C. § 1332(a)(1), even if a class of fewer than one hundred members were certified or if the County were to refile its complaint as an individual action.

Should class certification prove inappropriate, the District Court should consider whether Site59.com should be dropped from the action pursuant to Fed. R. Civ. P. 21.

**CONCLUSION**

For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** the case for further proceedings consistent with this order.  This panel retains jurisdiction to decide any renewed appeal following the disposition of the remand.